# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARTIN M. FRIEDMAN,**

        **Plaintiff,**

**v.**                                           **Case No: 6:19-cv-160-Orl-40DCI**

**U.S. POST OFFICE,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS (Doc. 3)** |
| **FILED:** | **January 29, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On December 28, 2018, Plaintiff, proceeding *pro se*, filed a Complaint in state court alleging that on September 21, 2015, Defendant's employee crashed into the back of Plaintiff's vehicle while Plaintiff was waiting at a traffic light. Doc. 1-1. On January 24, 2019, Defendant removed this action to federal court. Doc. 1.

Shortly thereafter, Defendant filed a Motion to Dismiss. Doc. 3 (the Motion). Defendant argues that Plaintiff's Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies within two years of the date the claim accrued pursuant to the Federal Tort Claims Act – i.e., Plaintiff never submitted an administrative claim. *Id*. Indeed, Defendant alleges that Plaintiff's nephew did not contact Defendant about the incident until December 14, 2017,

more than two years after the date of the accident, and that no administrative claim has since been filed. *Id*. Plaintiff failed to respond to the Motion.

On February 19, 2019, the Court entered an Order requiring Plaintiff to respond to the Motion on or before March 5, 2019. The Court cautioned Plaintiff that his failure to do so would result in the Court deeming the Motion unopposed and may lead to the case being dismissed without further warning. Doc. 10.

On March 4, 2019, Plaintiff's brother-in-law filed a response to the Motion. Doc. 11. But the Court struck that response because it does not appear that Plaintiff's brother-in-law is an attorney, and, thus, cannot represent Plaintiff before this Court. Doc. 13. The Court, in an abundance of caution, provided Plaintiff with a third and final opportunity to respond to the Motion, permitting Plaintiff until on or before May 22, 2019 to respond. *Id*. The Court again warned Plaintiff that his failure to respond would result in the Court deeming the Motion unopposed and may lead to the case being dismissed without further warning. *Id*. Plaintiff, now for the third time, failed to respond to the Motion.

As the Court previously explained to Plaintiff, the Court routinely grants motions as unopposed where the opposing party has not filed a response in opposition to the motion. *See* Local Rule 3.01(b) ("Each party opposing a motion . . . **shall** file within fourteen (14) days after service of the motion . . . a response that includes a memorandum of legal authority in opposition to the request . . . .") (emphasis added). In addition, the undersigned has reviewed the Motion and finds that Defendant's arguments are well-taken. Finally, the undersigned notes that Plaintiff was explicitly warned on two separate occasions that his case may be dismissed if he failed to respond to the Motion. Given the foregoing, the undersigned finds that the Motion is due to be granted.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 3) be **GRANTED**, that the case be **DISMISSED with prejudice**, and that the Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 27, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy